STATE OF RHODE ISLAND

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island
True Copy Attest

**PROVIDENCE COUNTY** **SUPERIOR COURT**

MARIE-JOSE VANLEEUWENHUIZE :
:
Plaintiff, :
:
v. :
:
MERCK & CO., INC., ALIAS, DOE CORP., ALIAS and/or JOHNDOE, ALIAS and/or JANE DOE, ALIAS individually as an agent of MERCK & CO., INC., ALIAS, and/or DOE CORP. : CASE NO. 06-0540
:
Defendants. :

**ANSWER AND JURY DEMAND OF**
**DEFENDANT MERCK & CO., INC.**

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorney, answers the Complaint and submits its Jury Demand herein as follows:

**RESPONSE TO "COUNT I"**

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3. The allegations contained in paragraph 3 of the Complaint are not directed at Merck and therefore no responsive pleading is required.

2-28-06
K.H.

4. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5. Denies each and every allegation contained in paragraph 5 of the Complaint.

**RESPONSE TO "COUNT II"**

6. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

8. The allegations contained in paragraph 8 of the Complaint are not directed at Merck and therefore no responsive pleading is required.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10. Denies each and every allegation contained in paragraph 10 of the Complaint.

**AFFIRMATIVE DEFENSES**

Further answering and by way of affirmative defenses, Merck alleges as follows:

**AS FOR A FIRST DEFENSE, MERCK ALLEGES:**

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**AS FOR AN EIGHTH**
**DEFENSE, MERCK ALLEGES:**

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence, R.I. Gen. § Laws 9-20-4 (2006).

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES:**

If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiff.

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES:**

If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR AN ELEVENTH**
**DEFENSE, MERCK ALLEGES:**

If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A TWELFTH**
**DEFENSE, MERCK ALLEGES:**

If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiff's misuse or abuse of Vioxx.

**AS FOR A THIRTEENTH**
**DEFENSE, MERCK ALLEGES:**

If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

**AS FOR A FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**AS FOR A FIFTEENTH**
**<u>DEFENSE, MERCK ALLEGES</u>:**

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A SIXTEENTH**
**<u>DEFENSE, MERCK ALLEGES</u>:**

Plaintiff's claims are barred in whole or in part by the First Amendment.

**AS FOR A SEVENTEENTH**
**<u>DEFENSE, MERCK ALLEGES</u>:**

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR AN EIGHTEENTH**
**<u>DEFENSE, MERCK ALLEGES</u>:**

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINETEENTH**
**<u>DEFENSE, MERCK ALLEGES</u>:**

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TWENTIETH**
**<u>DEFENSE, MERCK ALLEGES</u>:**

Plaintiff's claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

rue Copy Attest
Court
Office ... Bristol
County ...
Providence, Rhode Island

**AS FOR A TWENTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

To the extent plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A TWENTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part because plaintiff has failed to mitigate her damages.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by plaintiff is subject to the exclusive regulation of the FDA.

True Copy Attest
Office of Clerk of Superior Court
& Bristol

**AS FOR A TWENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiff seeks punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

True Copy Attest
Superior Court
& Bristol

WHEREFORE, Merck respectfully demands judgment dismissing plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

**JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

DATED: Providence, Rhode Island
February 28, 2006

Respectfully submitted,
DEFENDANT MERCK & CO., INC.

By: ______________________________

Robert M. Duffy (#4428)
Christine K. Bush, Esq. (#5587)
Kurt W. Hague, Esq. (#7297)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Fax)

Counsel for Merck & Co., Inc.

Court
Bristol

**CERTIFICATE OF SERVICE**

TO: **Richard P. Brederson, Esq.**
950 Smith Street
Providence, Rhode Island 02908
(401) 228-8110

The undersigned certifies that on February 28, 2006, I caused a true and accurate copy of the foregoing **Answer and Jury Demand** to be served via First Class Mail on the above-named counsel of record.

*H:\Clients\Merck\Vannieuwenhuize\Pleadings\PSC\Answer and Jury Demand of Merck.DOC*

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island