**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARIE-JOSE VANNIEUWENHUIZE<br><br>Plaintiff,<br><br>V.<br><br>MERCK & CO., INC., ALIAS, DOE CORP., ALIAS and/or JOHNDOE, ALIAS and/or JANE DOE, ALIAS individually as an agent of MERCK & CO., INC., ALIAS, and/or DOE CORP.<br><br>Defendants. | : | CASE NO. 06-110T |

**MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, hereby moves this Court to stay all proceedings in this action pending its transfer to *In re Vioxx Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 1657 ("MDL-1657"), the MDL proceeding that has been established in the Eastern District of Louisiana to coordinate all product liability cases involving alleged health risks from Vioxx® ("Vioxx"). In support of its motion, Merck states as follows:

1. On February 16, 2005, the Judicial Panel on Multidistrict Litigation (the "MDL" Panel) issued a transfer order, establishing MDL Proceeding No. 1657, *In re Vioxx Products Liability Litigation*.[1] The Transfer Order directed that the 148 cases

[1] In its December 6, 2005 Order Denying Motion for Reconsideration, the Panel changed the caption of MDL-1657 to *In re Vioxx Marketing, Sales Practices and Products Liability Litigation* in order to "more accurately reflect the scope of this litigation." *See id.* at 2.

**ORAL ARGUMENT NOT REQUESTED**

subject to original motions be transferred and coordinated for pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon.

2. The MDL Panel has been issuing conditional transfer orders transferring additional related cases to Judge Fallon. The first conditional transfer order was issued on March 4, 2005 and listed 139 cases, the second conditional transfer order was issued on March 10, 2005 and listed 74 cases, and the most recent conditional transfer order was issued on March 2, 2006 and listed 129 cases; subsequent transfer orders are expected.

3. This case involves the same factual inquiries that the MDL Panel noted were present in the Vioxx cases generally. Merck notified the MDL Panel of the pendency of this "tag-along" action on March 14, 2006, and expects the MDL Panel to issue an order transferring this case to the MDL court shortly.

4. Pending the transfer of this case to the Eastern District of Louisiana, a stay of proceedings is necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407. Absent a stay, this Court would have to expend time and resources supervising pre-trial proceedings and making rulings in a case over which the MDL Panel may soon assert jurisdiction. Moreover, without a stay, Merck would be significantly prejudiced because it would have to duplicate discovery in this case that is also being conducted in the MDL proceeding.

5. Merck's Memorandum in Support of its Motion to Stay is filed contemporaneously with this Motion and is incorporated herein.

WHEREFORE, Merck respectfully requests that the Court stay all proceedings in this action pending its transfer to MDL-1657.

DATED: March 20, 2006

Respectfully submitted,
DEFENDANT MERCK & CO., INC.

By: [signature]

Robert M. Duffy (#4428)
Christine K. Bush (#5587)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 455-0700
Fax: (401) 455-0701

H:\Clients\Merck\Vannieuwenhuize\Pleadings\USDC\Motion to Stay.DOC

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Motion to Stay was sent by first class mail, postage prepaid, on this 20th day of March, 2006 to:

**Richard P. Brederson, Esq.**
950 Smith Street
Providence, Rhode Island 02908
(401) 228-8110

Eric Thibeault

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARIE-JOSE VANNIEUWENHUIZE<br><br>Plaintiff,<br><br>V.<br><br>MERCK & CO., INC., ALIAS, DOE CORP., ALIAS and/or JOHNDOE, ALIAS and/or JANE DOE, ALIAS individually as an agent of MERCK & CO., INC., ALIAS, and/or DOE CORP.<br><br>Defendants. | : | CASE NO. 06-110T |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendant Merck & Co., Inc. ("Merck") respectfully submits this memorandum of law in support of its motion to stay all proceedings in this action pending its transfer to *In re Vioxx Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 1657, the multidistrict litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to coordinate all federal product liability actions involving Vioxx (the "Vioxx product liability actions"). *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp.2d 1352 (J.P.M.L. 2005).

Merck notified the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") pursuant to Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L.") of the pendency of this "tag-along" action on March 14, 2006, and expects a conditional transfer order to be issued shortly.

## BACKGROUND

### A. MDL-1657

On February 16, 2005 the MDL Panel issued a transfer order establishing MDL Proceeding No. 1657, titled, *In re Vioxx Products Liability Litigation.* The transfer order directed that the 148 actions that were the subject of the original motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for coordinated pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana before the Honorable Eldon E. Fallon. *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp.2d at 1352.[1] In the Transfer Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that the cases in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All cases focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

*Id.* at 1353-54. The MDL Panel also held that the "nearly 300 potentially related actions pending in multiple federal districts . . . will be treated as potential tag-along cases." *Id.* at 1353 n. 1.

There is currently a process in place for affecting the transfer to Judge Fallon's court of related Vioxx product liability actions quickly and efficiently. Merck's counsel, in a written submission known as a "tag-along letter," notifies the Panel twice a week of newly-filed related actions and developments in actions still under Panel consideration. The Panel has been issuing

---

[1] In its December 6, 2005 Order Denying Motion for Reconsideration, the Panel changed the caption of MDL-1657 to *In re Vioxx Marketing, Sales Practices and Products Liability Litigation* in order to "more accurately reflect the scope of this litigation." *See id.* at 2.

conditional transfer orders transferring actions to Judge Fallon's court based on the information contained in these tag-along letters. Since the first Transfer Order was issued on February 16, 2005, more than 4,000 cases have been transferred to or filed directly in the MDL proceedings, including two cases filed in this District in 2005 (C.A. Nos. 05-325, 05-331).

## B. The Instant Action

On February 8, 2006, Merck was served with a copy of Plaintiff's Complaint bearing Civil Action Number 06-0540. On March 9, 2006, Merck removed the action from the Superior Court, Providence County, to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. This action involves the same factual inquiries that the Panel noted were present in the Vioxx product liability actions generally, thereby warranting coordinated pre-trial proceedings in the Eastern District of Louisiana. Specifically, like the other Vioxx product liability actions which focus on the alleged increased health risks (including heart attack and stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these alleged increased risks and failed to disclose them to the medical community and consumers, this action seeks damages for the injuries allegedly caused to plaintiff by her ingestion of Vioxx. For example, plaintiff alleges that she "sustained personal injuries as a result of taking a defective product namely Vioxx...." *See* Complaint, at ¶10 (attached hereto as Exhibit A).

Merck notified the MDL Panel of this related "tag-along" action on March 14, 2006. *See* "Tag Along" Letter to the MDL Panel dated Mar. 14, 2006 (attached hereto as Exhibit B). Merck expects a conditional transfer order to be issued by the MDL Panel in this action within the next few weeks. Once the conditional transfer order is issued, plaintiff has fifteen days to

object to transfer in accordance with R.P.J.P.M.L. 7.4(c).[2] Assuming that plaintiff does not object to the transfer order within this fifteen-day period, the transfer order will be filed in Judge Fallon's court shortly thereafter and jurisdiction over the case will be transferred to Judge Fallon's court.

## ARGUMENT

The Court should exercise its discretion to stay all further proceedings in this action pending its transfer to MDL-1657. The authority of a federal court to stay proceedings is well-established. *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Recently, in a ruling affecting 70 removed Vioxx actions in the Western District of New York, The Honorable David G. Larimer entered an Order to Stay over plaintiffs' objections finding that "entering a stay will conserve judicial resources, one of the fundamental goals of multidistrict litigation practice." *See, In the Matter of Civil Actions Against Merck & Co., As Listed in Attachment 1,* No. 05-cv-06659-DGL, slip op. at 6 (W.D.N.Y. March 1, 2006) (attached hereto as Exhibit H).

Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial resources that would be saved by

[2] In the event plaintiff chooses to object to transfer to MDL-1657, there is a separate procedure for filing objections to the transfer with the MDL Panel. The issue of whether the case should be transferred would be set for the next available Panel hearing session. Given the overlapping factual issues this case appears to have with those already in the MDL proceedings, it is likely that this action will be transferred over any objection. In fact, to date, the Panel has rejected each motion to vacate a conditional transfer order that it has taken under consideration. The Panel, in every Transfer Order since the inception of MDL-1657, has considered and rejected a wide range of arguments made by plaintiffs who opposed Conditional Transfer Orders. (*See* June 20, 2005 Transfer Order (attached hereto as Exhibit C) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 1 and 2); August 11, 2005 Transfer Order (attached hereto as Exhibit D) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 5, 6, and 9); September 13, 2005 Transfer Order (attached hereto as Exhibit E) (rejecting the argument of plaintiff who opposed Conditional Transfer Order No. 8); October 21, 2005 Transfer Order (attached hereto as Exhibit F) (rejecting the arguments of the parties who opposed Conditional Transfer Order Nos. 11, 14, 15, 17, and 19); December 2, 2005 Transfer Order (attached hereto as Exhibit G) (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 19, 20, 21, 22, and 23)).

avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Federal courts throughout the country with pending Vioxx product liability actions have analyzed the above-referenced factors in determining whether a stay of proceedings pending the MDL Panel's decision as to transfer is appropriate. To date, an overwhelming majority of these courts have issued stays. *See, e.g., Hatch v. Merck & Co., Inc.,* No. 05 Civ. 1252, 2005 WL 2436716, at *2 (W.D. Tenn. Oct. 3, 2005); *North v. Merck & Co., Inc.,* No. 05 Civ. 6475, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005) ("[e]ntering a stay will . . . preserve judicial resources, one of the fundamental goals of multidistrict litigation practice"); *Beal v. Merck & Co., Inc.,* No. 05 Civ. 1344, 2005 WL 3279285, at *2 (W.D. Tenn. Dec. 1, 2005) (granting Merck's stay holding that "having the . . . issues decided in one proceeding will promote judicial economy and conserve judicial resources"); *see also Falick v. Merck & Co., Inc.*, No. 04 Civ. 3006, (E.D. La. Jan. 3, 2005), slip op. at 2 ("[c]onsidering the multitude of cases currently stayed due to the pending MDL coordination, the Court finds that staying proceedings will serve the interests of judicial economy") (attached hereto as Exhibit I); *Walker v. Merck & Co., Inc.*, 05 Civ. 360, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (same); *Gaffney v. Merck & Co., Inc,*, No. 05 Civ. 1183, 2005 WL 1700772, at *1 (W.D. Tenn. July 19, 2005) (same); *Euell v. Merck & Co., Inc.*, 05 Civ. 1497, 2005 WL 2348487, at * 1 (E.D. Mo. Sept. 26, 2005) ("[t]he Court finds Defendant Merck's judicial economy argument persuasive and concludes that . . . Merck's Motion will be granted"); *Ramos-Martir v. Astra Merck, Inc.*, 2005 WL 3088372, at *1 (D. P.R. Nov. 17, 2005) (issuing a stay, and stating that the "stay operates as an invaluable tool to conserve party and judicial resources, and to avoid inconsistent procedural and legal rulings").

## I. JUDICIAL ECONOMY MANDATES A STAY.

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. 1407(a). Where, as here, the MDL Panel has already coordinated Vioxx product liability actions before Judge Fallon in the Eastern District of Louisiana, there is no question that a stay of these proceedings will promote judicial economy. *See Euell*, 2005 WL 2348487, at * 1 ("[t]his case involves the same factual inquiries that are present in the other hundreds of VIOXX cases . . . the Court . . . concludes that judicial economy weighs in favor of granting the requested stay"); *see also Knearem v. Bayer Corp.*, 02 Civ. 2096, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *Mathern v. Wyeth*, No. 04 Civ. 2116, 2004 WL 1922028, at *1 (E.D. La. August 25, 2004); *Ramos-Martir,* 2005 WL 3088372, at *1 (granting Merck's motion to stay, noting that "[a]llowing independent litigation of factually identical claims in individual districts would not only seriously hamper defendant's ability to engage in efficient and effective litigation, but would also frustrate the Panel's primary goal of centralizing multitudinous actions in a single manageable and efficient litigation").

It is well settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers,* 980 F. Supp. at 1360 (C.D. Cal. 1997); *see also Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at * 1 (W.D. Tenn. Sept. 26, 2005) ("[A] stay is warranted in this case . . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction"). Granting a stay of this action pending its transfer to MDL-1657 will conserve the resources of this court and prevent duplicative discovery and pretrial management efforts. *See Bd. of Trs. of Teachers' Ret. Sys. v. Worldcom, Inc.,* 244 F. Supp.2d 900, 905 (N.D. Ill. 2002) ("Having one court rather than three decide complex jurisdictional issues obviously saves judicial resources"); *see*

*also, U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002) ("[I]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted").

## II. MERCK WILL BE PREJUDICED ABSENT A STAY.

The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to plaintiff if a stay is granted. *See Am. Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030, 92 Civ. 1086, 1992 WL 102762, at * 2 (E. D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay"). There are currently over 4,000 Vioxx actions being coordinated in MDL-1657. If individual district courts allowed cases to proceed in the short window between the time cases were filed in or removed to individual federal district courts and they were transferred to Judge Fallon, Merck would be unduly burdened without a corresponding benefit to the Court or to the plaintiff. Plaintiffs would be free to pursue a strategy of aggressively litigating, and obtaining discovery in, hundreds of individual cases for the period of weeks it takes for cases that meet the §1407 transfer standard to be transferred to Judge Fallon's court. Judge Fallon has established detailed protocols to manage the litigation through the disposition motion phase. Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice. *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL 2234071, at * 1 (W.D. Tenn. Sept 13, 2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant"); *see also North,* 2005 WL 2921638, at *2 ("[T]he risk of hardship to Merck of engaging in duplicative motion practice and discovery . . . outweighs any prejudice that could potentially inure to [plaintiff]"); *Gorea*, 2005 WL 2372440, at * 1 ("[W]hereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant").

The potential prejudice to plaintiff if the action is stayed is non-existent. Plaintiff has expended limited resources to date; this action is still in its infancy and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL. Thus, plaintiff will not suffer prejudice as a result of a stay.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

DATED: March 20, 2006

Respectfully submitted,
DEFENDANT MERCK & CO., INC.

By: ______________________

Robert M. Duffy (#4428)
Christine K. Bush (#5587)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 455-0700
Fax: (401) 455-0701

H:\Clients\Merck\Vannieuwenhuize\Pleadings\USDC\Memo in Support of Motion to Stay.DOC

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Motion to Stay was sent by first class mail, postage prepaid, on this 20th day of March, 2006 to:

**Richard P. Brederson, Esq.**
950 Smith Street
Providence, Rhode Island 02908
(401) 228-8110